CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
FEB 0 2 2011
JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## DANVILLE DIVISION

RANDY LACKS,                          )     CASE NO. 4:10CV00014
                                      )
            Plaintiff,                )
                                      )
v.                                    )     REPORT AND RECOMMENDATION
                                      )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )     By:  B. Waugh Crigler
            Defendant.                )          U. S. Magistrate Judge
                                      )

This challenge to a final decision of the Commissioner which denied plaintiff's January 22,

2007 applications for a period of disability, disability insurance benefits, and supplemental security

income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381

et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding

District Judge a report setting forth appropriate findings, conclusions and recommendations for the

disposition of the case.  The questions presented are whether the Commissioner's final decision is

supported by substantial evidence, or whether there is good cause to remand for further

proceedings.  42 U.S.C. § 405(g).  For the reasons that follow, the undersigned will RECOMMEND

that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING

the Commissioner's final decision and DISMISSING this action from the docket of the court.

In a decision issued on April 29, 2009, an Administrative Law Judge ("Law Judge") found

that plaintiff's date last insured was March 31, 2007[1], and that he had not engaged in substantial

gainful activity since March 1, 2004, his alleged disability onset date.  (R. 10.)  The Law Judge

determined plaintiff suffered the following medically determinable impairments:  morbid obesity,

---

[1]In order to qualify for disability insurance benefits, plaintiff must establish that he became disabled
prior to the expiration of his insured status, March 31, 2007.  *See* 20 C.F.R. § 404.131(a).

hypertension, diabetes, sleep apnea and depression. (*Id.*) The Law Judged concluded that plaintiff did not suffer an impairment or combination of impairments which meets or equals a listed impairment. (R. 17.) The Law Judge found that plaintiff had the residual functional capacity ("RFC") to perform light work, except walking only four hours in an eight-hour workday, occasionally performing postural activities including climbing ramps and stairs, balancing, stooping, kneeling, crouching and crawling, but never climbing ladders, ropes or scaffolds. (*Id.*) The Law Judge further found that, although plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, his statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with the RFC finding. (R. 19.) The Law Judge believed that plaintiff's RFC precluded him from performing any past relevant work, but that he retained the capacity to perform work which exists in significant numbers in the national economy. (R. 20-21.) Ultimately, the Law Judge determined plaintiff was not disabled during the relevant time period. (R. 23.)

Plaintiff appealed the Law Judge's April 29, 2009 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig*

*v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff's sole argument is that the Law Judge did not give proper weight to the opinions offered by his treating physician, Earle Moore, M.D. (Pl's Brief, pp. 27-33.) Plaintiff contends that the Law Judge erred by affording controlling weight to the State agency physicians. (*Id.*)

Under the regulations and applicable circuit decisional authority, a Law Judge and the Commissioner must consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart,* 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v Barnhart,* 434 F.3d 650, 654 (4th Cir. 2005)).

It is a well-established general principle that the evidence of a treating doctor should be accorded greater weight. *Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992). Yet, when that physician's opinion is not supported by the objective medical evidence or is inconsistent with other substantial evidence, it may be given "significantly less weight." *Craig,* 76 F.3d at 590. Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge, and ultimately to the Commissioner, to resolve the inconsistencies in the evidence. *Johnson,* 434 F.3d at 653; *Craig,* 76 F.3d at 589.

Dr. Moore, plaintiff's primary treating source, completed a Work Related Limitations assessment on February 11, 2009. (R. 312-316.) In that assessment, Dr. Moore opined that plaintiff

suffered morbid obesity, and that the condition affected his ability to lift/carry so significantly that he could not lift and/or carry any pounds of weight at all. (R. 312.) Dr. Moore further opined that plaintiff's capacity to stand/walk was so impacted that he could only walk twenty-five to fifty feet before experiencing shortness of breath. (*Id.*) The physician believed that plaintiff could never climb, stoop, crouch, kneel or crawl. (R. 313.) Finally, Dr. Moore concluded that plaintiff was unable to perform his past relevant work and was "totally disabled from any work activity." (R. 315.)

Whether the plaintiff was "totally disabled" is a decision reserved the Commissioner[2], and Dr. Moore's opinion is inconsistent with the other record evidence. For instance, the opinion of the consultative physician who examined plaintiff on May 1, 2007 conflicts with Dr. Moore's opinion that plaintiff was "totally disabled." Chris Newell, M.D. found that, although plaintiff was morbidly obese[3], he was able to sit comfortably and get on and off the examination table without difficulty. (R. 238.) Dr. Newell further found that plaintiff had a normal gait and did not require an assistance device for walking. (*Id.*) The physician diagnosed plaintiff as suffering the following conditions: morbid obesity, hypertension, depression, probable obstructive sleep apnea, cervical and lumbar strain and chest pain of unknown etiology. (R. 239.) Dr. Newell opined that despite

---

[2] The issue of disability is reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(e), 416.927(e) (statements by a physician that a claimant is "disabled" and "unable to work" are decisions reserved to the Commissioner).

[3] At the time of the evaluation, plaintiff was 6' tall and weighed over 400 pounds. (R. 238.) Although obesity is no longer a listed impairment, it still is considered a "medically determinable impairment," the effects of which must be considered when evaluating disability, including the severity of an individual's impairments. Social Security Ruling ("SSR") 02-1p, 2000 WL 628049 *1, *3.

these conditions, plaintiff retained the RFC to stand and walk about six hours in an eight-hour workday; sit eight hours in an eight-hour workday; lift/carry ten pounds frequently and twenty pounds occasionally; and bend, stoop and squat occasionally but not frequently. (*Id.*) Dr. Newell further opined that plaintiff suffered no manipulative limitations and that an assistance device was not medically necessary for him to ambulate. (*Id.*)

The opinions offered by the State agency record reviewing physicians also belie Dr. Moore's opinion that plaintiff was "totally disabled." State agency record reviewing physician James Wickham, M.D. referenced Dr. Newell's opinions and determined that they were entitled to "great weight." (R. 248.) Dr. Wickham believed that plaintiff's statements regarding his symptoms and their effects on his ability to function were only "partially credible" and that plaintiff could perform a range of light exertional work. (R. 244, 248.) These findings were confirmed by Robert Chaplin, M.D., also a State agency record reviewing physician. (R. 282-288.)

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a

waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and

Recommendation to all counsel of record.

ENTERED: _____

U.S. Magistrate Judge

Feb 2 2011

Date